## Lehigh Valley Trust Co. et al. v. Reading

*Snyder, Balmer & Kershner*, for plaintiffs.
*C. Wilson Austin*, for defendant.

HESS, J., November 1, 1948.—Lehigh Valley Trust Company and Mary C. Ludwig, trustees under the last will and testament of Wilson P. Ludwig, deceased, plaintiffs, instituted this action in assumpsit against the City of Reading, seeking to recover principal and interest owing on certain street improvement bonds issued by defendant and owned by plaintiffs. Certain other parties filed petitions to intervene in the suit and were permitted to intervene as party plaintiffs. The case was tried by a judge without jury in accordance with a stipulation filed of record.

### Findings of Fact

1. Lehigh Valley Trust Company and Mary C. Ludwig are trustees under the last will and testament of Wilson P. Ludwig, late of the City of Allentown, County of Lehigh and Commonwealth of Pennsylvania, and are the holders in due course of City of Reading Street Improvement Bonds, Series No. 1, nos. 842, 877, 878 and 900, which said bonds are part of Series LL Street Improvement Bonds of the City of Reading, which said bond no. 842 was executed and delivered December 2, 1930 and said bonds nos. 877, 878 and 900 were executed and delivered February 6, 1931, and each bond is in the face amount of $1,000.

2. Lehigh Valley Trust Company is trustee under deed of trust executed by Lucy E. Huebner and is the holder in due course of City of Reading Street Improvement Bonds Series No. 1, nos. 850 and 879, which said bonds are part of Series LL Street Improvement Bonds of the City of Reading, both executed and delivered February 6, 1931, and each in the face amount of $1,000.

3. Mark J. Burger is a resident of the City of Allentown, County of Lehigh and Commonwealth of Pennsylvania and is the holder in due course of City of Reading Street Improvement Bond Series No. 1, no. 902, which said bond is part of Series LL Street

Improvement Bonds of the City of Reading, which said bond was executed and delivered February 6, 1931, and said bond is in the face amount of $1,000.

4. Union and West End Cemetery Association is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal office in the City of Allentown, County of Lehigh and Commonwealth of Pennsylvania and is the holder in due course of City of Reading Street Improvement Bond Series No. 1, no. 905, which said bond was executed and delivered February 6, 1931, and is in the face amount of $1,000.

5. Miles K. Person is the trustee of Edwin G. Martin Lodge No. 689 F. & A. M. and is the holder in due course of the City of Reading Street Improvement Bond Series No. 1, no. 896, which said bond is part of Series LL Street Improvement Bonds of the City of Reading, which said bond was executed and delivered February 6, 1931, and said bond is in the face amount of $1,000.

6. The City of Reading is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania and located in the County of Berks.

7. Defendant, the City of Reading, did not issue any sci. fa. sur municipal liens upon any of the assessments supporting the bonds held by plaintiffs and the intervening plaintiffs.

8. The City of Reading did not issue any lev. fa. on any judgments obtained upon any sci. fa. sur municipal liens upon any of the liens filed in support of the bonds held by plaintiffs and intervening plaintiffs.

9. The City of Reading did not cause the Sheriff of Berks County to sell any of the properties covered by liens supporting the bonds held by plaintiffs and intervening plaintiffs.

10. The City of Reading did not bring any suits of assumpsit against any of the owners of property

covered by the liens supporting the bonds of plaintiffs and intervening plaintiffs.

11. If the City of Reading had brought suits in assumpsit against the owners of property covered by liens supporting the bonds owned by plaintiffs and intervening plaintiffs within three years after the completion of the improvements for which the liens were filed which support the bonds held by plaintiffs and intervening plaintiffs, the City of Reading would have been able to recover judgments which would have been collectible up to 60 percent of the amounts of liens presently outstanding and uncollected by the City of Reading.

12. There is no evidence in the case to show that if the City of Reading had issued sci. fa. sur municipal liens, entered judgments thereon, issued writs of levari faciæ upon said judgment and caused the property covered by the liens supporting the bonds of plaintiffs and intervening plaintiffs to be exposed to public sale, that the proceeds from said sale would not have been more than sufficient to pay the costs of said sales.

13. There is no evidence in this case to show that if the City of Reading had brought suits in assumpsit against the owners of the property covered by the liens supporting the bonds of plaintiffs and intervening plaintiffs that judgment in assumpsit would not have been obtained and that said judgment would not have been collected.

### Discussion

Plaintiffs and intervening plaintiffs are the holders of certain street improvement bonds Series No. 1, said bonds being part of Series LL Street Improvement Bonds of the City of Reading. Other bonds of the same series were the subject of a similar suit against defendant in this court in proceedings docketed to no. 122, December term, 1944. The latter suit resulted

in verdicts against the City of Reading and no action was taken by the city to ask for a new trial or to attack the verdicts in any way. In fact, judgments were entered upon the previous verdicts and those judgments have been paid.

We are of the opinion that the law of this case has resulted from our adjudication of the rights of the parties litigant in no. 122, December term, 1944. It is true that while defendant is the same party defendant in the present suit plaintiffs are not the same parties. The bonds in suit, however, are bonds of the same series, the issues are identical and the facts and circumstances surrounding the question of whether or not the city has been negligent in failing to collect the assessment liens supporting the bond issue are the same facts and circumstances previously considered by this court. Unless the verdict and judgment rendered in that proceeding are clearly in error we are constrained to hold that the determination of this case is ruled by our previous decision: Yoder v. Amwell Township, 172 Pa. 447.

In view of the fact that the parties expressly waived the finding of facts and the writing of a formal decision setting forth our reasons for the previous ruling, we are reëxamining our conclusions in the light of what we have said in the decision this day announced in the proceeding of The Reading Trust Company v. City of Reading, no. 28, February term, 1945. The bonds forming the basis of this suit are part of a series issued between December 2, 1930, and February 6, 1931, in the total amount of $206,700. The obligations were secured by assessments levied against abutting properties and the credit of the city was not pledged for payment.

While liens were filed on all unpaid claims and from time to time thereafter the city filed suggestions of

nonpayment, no judgments were entered thereon and no writs of execution were issued to cause the properties to be exposed to sheriff's sales. While the total amount of bonds issued in the series of which these obligations form a part is approximately 17 times greater than the amount of bonds issued in the series considered in the decision to which we refer, the record of collections is proportionately little better. What we said in that case concerning the failure of defendant to take reasonable measures to collect the assessment liens applies with equal force in the matter now before us.

Likewise, the city has failed to bring any suits in assumpsit against the owners of abutting properties in order to secure personal liability against such owners. It was stipulated that had· such suits been instituted defendant would have been successful in collecting at the very least 60 percent of the amounts of liens presently outstanding and uncollected by the city. The proportionate recovery that could have been effected by suits in assumpsit appears to be greater than that which the city could have recovered in the series forming the subject of our other decision. The reasons for finding the City of Reading negligent in the case of The Reading Trust Company v. City of Reading apply with at least equal force in the proceeding now before us and what we there stated we now reiterate. Accordingly, we find no reason to modify the law applicable to this case as enunciated in our ruling in no. 122, December term, 1944.

It is not again necessary to discuss the measure of damages. Plaintiffs are entitled to recover the amount of principal and all interest owing on the bonds. Plaintiffs, as in the case forming the authority for this decision, have agreed that the rate of interest shall be 5 percent to the date of the verdict.

## Conclusions of Law

1. The City of Reading in issuing the bonds held by plaintiffs and intervening plaintiffs warranted that it would press the liens supporting said bonds to fruition within a reasonable time and for that purpose would enter judgments thereon, issue writs of execution and expose the properties to sheriff's sales.

2. The City of Reading in issuing the bonds held by plaintiffs and intervening plaintiffs warranted that it would bring actions of assumpsit against the owners of the abutting properties within three years after the completion of the improvement.

3. The City of Reading in issuing the bonds owned by plaintiffs and intervening plaintiffs warranted that it would itself issue executions and institute proper actions unless it was fairly obvious that the costs, even though a prior claim upon the funds realized, would not be salvaged.

4. The City of Reading in not issuing scire faciæ sur municipal liens, in not entering judgments upon scire faciæ sur municipal liens, in not issuing levari faciæ upon said judgments and in not exposing the properties to sheriff's sales, violated the warranty made by it when it issued the bonds owned by plaintiffs and intervening plaintiffs.

5. The City of Reading in not instituting suits of assumpsit within three years after the completion of the improvement against the owners of the properties covered by said liens violated the warranty made by it when it issued the bonds held by plaintiffs and intervening plaintiffs.

6. The measure of damages is the face amount of the bonds owned by plaintiffs and intervening plaintiffs with the full interest thereon.

7. A verdict is entered against the City of Reading and in favor of Lehigh Valley Trust Company and Mary C. Ludwig, trustees under the last will and testa-

ment of Wilson P. Ludwig, in the sum of $5,133.19, being $4,000 principal with interest at five percent on $1,000 from June 2, 1943, and interest on $3,000 from February 6, 1943, to the date of the entry of the verdict.

8. A verdict is entered against the City of Reading and in favor of Lehigh Valley Trust Company, trustee under the deed of trust executed by Lucy E. Huebner in the amount of $2,574.72, being the sum of $2,000 principal with interest thereon at five percent from February 6, 1943, to the date of the entry of the verdict.

9. A verdict is entered against the City of Reading and in favor of Mark J. Burger in the amount of $1,287.36 being $1,000 principal with interest thereon at five percent from February 6, 1943, to the date of the entry of the verdict.

10. A verdict is entered against the City of Reading and in favor of Union and West End Cemetery Association in the amount of $1,287.36, being $1,000 principal with interest thereon at five percent from February 6, 1943, to the date of the entry of the verdict.

11. A verdict is entered against the City of Reading and in favor of Miles K. Person, trustee of Edwin G. Martin Lodge No. 689 F. & A. M., in the sum of $1,287.22, being principal of $1,000 with interest thereon at five percent from February 7, 1943, to the date of the entry of the verdict.

## Verdict

And now, to wit, November 1, 1948, a verdict is entered on behalf of Lehigh Valley Trust Company and Mary C. Ludwig, trustees under the last will and testament of Wilson P. Ludwig, plaintiffs, and against the City of Reading, defendant, for $5,133.19.

A verdict is entered on behalf of Lehigh Valley Trust Company, trustee under deed of trust executed by

Lucy E. Huebner, intervening plaintiff, and against the City of Reading, defendant, for $2,574.72.

A verdict is entered on behalf of Mark J. Burger, intervening plaintiff, and against the City of Reading, defendant, for $1,287.36.

A verdict is entered on behalf of Union and West End Cemetery Association, intervening plaintiff, and against the City of Reading, defendant, for $1,287.36.

A verdict is entered on behalf of Miles K. Person, trustee of Edwin G. Martin Lodge No. 689 F. & A. M., intervening plaintiff, and against the City of Reading, defendant, for $1,287.22.